IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ALLSTATE INSURANCE CO.**                                                           **PLAINTIFF**

v.                                         **5:08-CV-00039-WRW**

**JOETTA DAVIS,** *et al.*                                                             **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion for Summary Judgment (Doc. No. 6). For the reasons set out below, the Motion is GRANTED.

Defendant Joseph Davis, Jr. was served with the Summons and Complaint on February 28, 2008.[1] Defendant Joseph Davis, Jr. has failed to appear and answer, and the time for doing so has passed.

Plaintiff filed its Motion on April 29, 2008. Defendant Joetta Davis does not oppose the Motion.[2] Plaintiff did not serve its Motion on Defendant Joseph Davis.[3]

Federal Rule of Civil Procedure 5(a)(2) reads: "No service is required on a party who is in default for failing to appear." "When a defendant who was properly served with the summons and complaint failed to appear or answer, and the time to do so had expired, service of the

---

[1] Doc. No. 13. The Summons reads, in relevant part:
You are hereby summoned and required to serve on Plaintiff's Attorney . . . an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

[2] Doc. No. 12.

[3] Doc. No. 6.

1

motion for summary judgment was not required."[4] Notice is not required even when the clerk has not yet entered the party's default at the time a motion was filed, so long as the party was properly served, and has not appeared.[5] Under Rule 5(a), Plaintiff was not required to serve its Motion on Defendant.

There are no genuine issues of material fact. Plaintiff is entitled to judgment as a matter of law that the insurance policy issued by Allstate to Joseph G. Davis, Jr. provides no coverage against him in the action filed by Joetta Davis in the Circuit Court of Jefferson County, Arkansas, and that there is no duty to defend that state court action. Accordingly, Plaintiff's Motion is GRANTED.

IT IS SO ORDERED this 12th day of June, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1144 (3rd. ed. 2002) (citing *New York Dist. Council of Carpenters Pension Fund v. Elite Concrete Corp.*, No. 03 Civ. 3804(LAK), 2004 Westlaw 1084216 (D.C.N.Y. May 14, 2004)).

[5] See *Cutting v. Town of Allenstown*, 936 F.2d 18 (1st Cir. 1991) (If the party has been "served with the summons and does not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes.").